**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Josiah Curtis, | No. CV-18-02846-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Angela Marquez, Fraternal Order of Police, and Phoenix Police Department, | |
| Defendants. | |

Pending before the Court is Plaintiff's application to proceed in forma pauperis. (Doc. 2). The application will be granted. In 28 U.S.C. § 1915(e)(2),

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.
>
> …
>
> A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

*Kennedy v. Andrews*, 2005 WL 3358205, *2-*3 (D. Ariz. 2005).

In this case, Plaintiff appears to be complaining about actions Defendant Angela Marquez took in a child custody proceeding in California and about the Phoenix police refusing to file a report about an alleged car accident and an alleged poisoning. With respect to the Fraternal Order of Police, Plaintiff states (quoted in its entirety) "I believe the Fraternal Order of Police nationwide had [sic] helped to foster this system of care and concern over the Marquez' interests." (Doc. 1 at 2).

Having reviewed the complaint, the Court finds that the claims against Angela Marquez are either frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2). Moreover, this Court does not sit as an appellate court over the California state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-284 (2005) ("The *Rooker–Feldman* doctrine [requires the federal court to dismiss for want of subject matter jurisdiction] cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

Next, with respect to the Phoenix Police Department, the department is not a jural entity that can sue and be sued and, thus, is not a proper defendant. *See Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878, 886 (D. Ariz. 2008) (…"the Court concludes that the Phoenix Police Department is a subpart of the City of Phoenix, not a separate entity for purposes of suit.").

Finally, the single claim against the Fraternal Order of Police is too vague to state a claim. *See Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). Moreover, it appears to be fanciful or delusional. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("As the Courts of Appeals have recognized, § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

Thus, the complaint in this case will be dismissed without prejudice as to each defendant for the reasons stated above. Plaintiff will be given an opportunity to amend

1 | the complaint. If the amended complaint does not cure these deficiencies, this case will
2 | be dismissed consistent with 28 U.S.C. § 1915(e).

As a result,

**IT IS ORDERED** that the application to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that the complaint is dismissed, without prejudice. Plaintiff has 30 days to file an amended complaint. If no amended complaint is filed in 30 days, the Clerk of the Court shall dismiss this case, with prejudice, and enter judgment accordingly.

Dated this 19th day of September, 2018.

James A. Teilborg
Senior United States District Judge