**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Josiah Curtis, | No. CV-18-02846-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Angela Marquez, Fraternal Order of Police, and Phoenix Police Department, | |
| Defendants. | |

On September 19, 2018, the Court issued the following order:

Pending before the Court is Plaintiff's application to proceed in forma pauperis. (Doc. 2). The application will be granted. In 28 U.S.C. § 1915(e)(2),

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.
>
> …
> A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

*Kennedy v. Andrews*, 2005 WL 3358205, \*2-\*3 (D. Ariz. 2005).

In this case, Plaintiff appears to be complaining about actions Defendant Angela Marquez took in a child custody proceeding in California and about the Phoenix police refusing to file a report about an alleged car accident and an alleged poisoning. With respect to the Fraternal Order of Police, Plaintiff states (quoted in its entirety) "I believe the Fraternal Order of Police nationwide had [sic] helped to foster this system of care and concern over the Marquez' interests." (Doc. 1 at 2).

Having reviewed the complaint, the Court finds that the claims against Angela Marquez are either frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2). Moreover, this Court does not sit as an appellate court over the California state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-284 (2005) ("The *Rooker–Feldman* doctrine [requires the federal court to dismiss for want of subject matter jurisdiction] cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

Next, with respect to the Phoenix Police Department, the department is not a jural entity that can sue and be sued and, thus, is not a proper defendant. *See Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878, 886 (D. Ariz. 2008) (…"the Court concludes that the Phoenix Police Department is a subpart of the City of Phoenix, not a separate entity for purposes of suit.").

Finally, the single claim against the Fraternal Order of Police is too vague to state a claim. *See Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). Moreover, it appears to be fanciful or delusional. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("As the Courts of Appeals have recognized, § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

Thus, the complaint in this case will be dismissed without prejudice as to each defendant for the reasons stated above. Plaintiff will be given an opportunity to amend the complaint. If the amended complaint does not cure these deficiencies, this case will be dismissed consistent with 28 U.S.C. § 1915(e).

As a result,

**IT IS ORDERED** that the application to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that the complaint is dismissed, without prejudice. Plaintiff has 30 days to file an amended complaint. If no amended complaint is filed in 30 days, the Clerk of the Court shall dismiss this case, with prejudice, and enter judgment accordingly.

(Doc. 7).

Thirty days after the Order issued, Plaintiff filed a motion for extension of time seeking 6 months to file his amended complaint. (Doc. 8). Plaintiff's motion is somewhat confusing. First, he alleges that a restraining order was issued against him on August 29, 2018 in response to his filing of this lawsuit. However, he did not file this suit until September 11, 2018, so this is not possible. Second, Plaintiff alleges that the restraining order forbids him from having weapons in California. Plaintiff goes on to state, "I also believe that it was an effort to lure me or force me to go to California, unarmed so they could kill me." (Doc. 8 at 1). He then says this is related to his need for more time because, "Since I cannot go [to California] in person, because I know I will be killed if I do so, [] to obtain the records I need to satisfy, 'A complaint having the factual elements…' as made in order on 'CV-18-2846-PHX-JAT' dated 09-19-2018." (Doc. 8 at 2). In sum, Plaintiff appears to allege that to state a claim in this case, he needs records that are in California and Plaintiff cannot go to California because he believes he will be killed.

Plaintiff cannot file a case in federal court as a placeholder for claims he may discover in the future. Therefore, the Court will not grant Plaintiff six months to attempt to appeal the restraining order so he can then go to California armed to obtain his records. Instead, Plaintiff will be given one more month to state a claim based on information he currently has, or this case will be dismissed. No further requests for extensions of time will be entertained.

Therefore,

**IT IS ORDERED** that the motion for extension of time (Doc. 8) is denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Plaintiff has until November 26, 2018 to file an amended complaint[1] or this case will be dismissed.

Dated this 23rd day of October, 2018.

James A. Teilborg
Senior United States District Judge

---

[1] The amended complaint must state a claim. Doc. 8 includes various allegations against police officers in Goodyear, Phoenix, Gilbert, Glendale, the Arizona Department of Public Safety, North Carolina, Alabama, and New Mexico. It also includes claims against Sands Chevrolet. All of these allegations are levied, seemingly, as if these entities are all controlled by "the fraternal order of police." As stated in the prior order, this allegation appears to be fanciful or delusional.